UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                              Case No. 19-20322
v.                         Honorable Victoria A. Roberts

NEIL THOMAS, D1,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND FOR AN EVIDENTIARY HEARING [ECF No. 458]

**I.    INTRODUCTION**

A federal grand jury indicted Neil Thomas ("Thomas") and fifteen

others for their participation in a drug distribution conspiracy. Thomas pled

guilty and is awaiting sentencing.

Before the Court is Thomas' motion to withdraw guilty plea and for an

evidentiary hearing.  [ECF No. 458].  The motion is fully briefed.

The Court **DENIES** the motion.

**II.    BACKGROUND**

On May 22, 2019, a grand jury returned an indictment charging

Thomas with: (1) conspiracy to distribute heroin, fentanyl, and cocaine, in

violation of 21 U.S.C. § 846 (Count One); (2) two counts of possession with intent to distribute heroin, fentanyl, cocaine, and methamphetamine, in violation of 21 U.S.C. § 841 (Counts Two and Six); (3) two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Three and Seven); and (4) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Ten).

Thomas retained Cyril Hall to represent him.

The following month, on June 17, 2019, Thomas retained Steven Scharg to replace Hall.

On August 14, 2019, the grand jury returned a first superseding indictment charging Thomas with the same offenses.

On October 2, 2019, Thomas pled guilty to Counts One, Two, Three and Ten of the first superseding indictment.  Thomas and his counsel signed a Rule 11 Plea Agreement which detailed, among other things: (1) the elements of the offenses; (2) the controlled substances (both type and amounts); (3) a factual basis that included acknowledgement by Thomas that he intended to obtain at least 1 kilogram of heroin and further distribute it; and (4) the possible penalties.

During the plea hearing, the Court (i.e., the late Honorable Arthur J. Tarnow) discussed the constitutional rights Thomas was waiving, the

details of the plea agreement, and the factual basis for Thomas' voluntary and knowing guilty plea – among other things.

Approximately four weeks after the plea hearing, Thomas sent a letter to the Court stating that he wished to withdraw his plea. Then, Scharg withdrew as counsel, Cyril Hall returned as retained counsel and, in March 2020, Matthew Samuels appeared as co-counsel for Thomas.

The Court scheduled Thomas to be sentenced in May 2020; however, the Court adjourned that date and several subsequent dates throughout 2020 and 2021 due to Covid-19 restrictions.

On November 29, 2021, Thomas filed a motion to withdraw guilty plea.

On March 3, 2022, the case was reassigned to the undersigned.

In April 2022, Thomas' counsel moved for Thomas to undergo a competency evaluation.

The Court granted the motion for competency evaluation over Thomas' objection and denied the motion to withdraw guilty plea without prejudice pending the outcome of Thomas' competency evaluation.

On February 16, 2023, the Court entered an order finding Thomas competent. The Court terminated Hall and Samuels' representation of Thomas and appointed the Community Defendant to represent him.

On February 27, 2023, Haralambos Mihas appeared on Thomas' behalf.

On April 15, 2023, Thomas again moved to withdraw his plea.

## III.   ANALYSIS

Thomas moves the Court to allow him to withdraw his guilty plea; absent an order granting his motion, Thomas alternatively asks the Court to hold an evidentiary hearing.

### A.   Thomas Fails to Establish a Basis to Withdraw His Plea

Thomas says the Court should allow him to withdraw his guilty plea because: (1) it was not intelligently, voluntarily and knowingly made; (2) he was not provided any guidance on the terms of the plea agreement; and (3) had he understood the terms and conditions of the plea, he would not have signed the Rule 11 agreement or agreed to plead guilty at the plea hearing.

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).  A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical

decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'"  *Ellis*, 470 F.3d at 280-81 (citation omitted).  Withdrawal of a guilty plea is appropriate where there is a real confusion or misunderstanding of the terms of the plea agreement.  *Id.* at 281. The defendant bears the burden to prove he is entitled to withdraw his guilty plea.  *Id.* at 280.

When determining whether a defendant meets the burden to show that the withdrawal of his guilty plea is for a fair and just reason, the Court considers several factors, including: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted."  *Ellis*, 470 F.3d at 281.  The factors are non-exclusive, and no single factor is controlling.  *Id.*  The Court has "broad discretion" in deciding whether to allow a defendant to withdraw a guilty plea prior to sentencing.  *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004).

###### i.   First Factor: Amount of Time that Elapsed Between the Guilty Plea and the Motion to Withdraw

Thomas pled guilty on October 2, 2019.  Although he filed the underlying motion to withdraw on April 15, 2023, the correct date to use for purposes of this factor is November 29, 2021 – i.e., the date Thomas originally moved to withdraw his guilty plea. The Court denied that motion without prejudice pending the outcome of his competency evaluation.

Using that date, approximately 26 months elapsed between the guilty plea and the motion to withdraw.

The length of time between Thomas' plea and his motion to withdraw it weighs against him. The Sixth Circuit has found much shorter delays to be excessive. *See, e.g., United States v. Cinnamon*, 112 Fed. Appx. 415, 418-19 (6th Cir. 2004) (per curiam) (three months); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five weeks).

Thomas' letter to the Court four weeks after his plea does not change things.  Although Thomas expressed desire to withdraw his guilty plea four weeks after entering it, he waited over two years before filing a formal motion to withdraw; this long delay undermines Thomas' position.  *See United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (finding that the district court was within its discretion to deny a motion to withdraw guilty

plea where defendant expressed regret about plea eleven days after entering it but waited six weeks before filing formal motion to withdraw). This is particularly true where – as described under the second factor – there is evidence that Thomas changed his mind over pursuit of the motion to withdraw over the intervening 26 months between sending the letter and filing his motion to withdraw.  Additionally, as discussed under the third and fourth factors – Thomas' testimony during the plea hearing demonstrates that he knowingly and voluntarily entered the guilty plea and that his plea was not the result of "a hastily entered plea made with unsure heart and confused mind."  *See Ellis*, 470 F.3d at 280 ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.").

The first factor weighs against withdrawal of the guilty plea.

### ii.    Second Factor: The Presence (or Absence) of a Valid Reason for Failing to File the Motion Earlier

Thomas says the significant amount of time that passed between his guilty plea and his motion to withdraw was outside of his control and should be excused.  Thomas says the delay was caused by: (1) the time it took to find a new attorney who was willing to file the motion to withdraw; (2) the time to build a relationship with the new attorney and the attorney's need to

get up to speed on the case – both of which were complicated by Covid-19; and (3) the time it took to receive the plea hearing transcript. Thomas says the delay was increased due to a breakdown between him and his new attorney – Cyril Hall; Thomas says he wanted to file the motion all along, but Hall wanted to go in a different direction.

The Court agrees with Thomas in part.

The time it took to find a new attorney and for that attorney to familiarize himself with the case should not be held against Thomas. Similarly, the new attorney could not file the motion until after he received the plea hearing transcript. Finally, the Court agrees that the pandemic made attorney-client communications far more difficult.

Hall appeared on behalf of Thomas on January 7, 2020, and the plea hearing transcript was not produced until March 30, 2020. The Court finds two months from receipt of the transcript more than fair for Hall to review the transcript, communicate with Thomas, and prepare the motion. Thus, there is a valid excuse for the delay between the guilty plea until the early June 2020 (i.e., two months from the receipt of the plea hearing transcript).

However, Thomas did not file the motion to withdraw until November 29, 2021.

The Court does not accept Thomas' argument that a breakdown in his relationship with Hall is a valid excuse for the delay between early June 2020 until November 29, 2021.  Contrary to Thomas' argument, there is strong evidence showing that the extended delay was caused by Thomas changing his mind about withdrawal of his guilty plea. Indeed, in a February 2, 2021 letter to Thomas summarizing their recent communications (i.e., a phone call that day and a discussion the week before), Hall noted that Thomas said he did not want to move to set aside the guilty plea, and was satisfied proceeding to sentencing under the guidelines calculated based on the plea agreement, due to the overwhelming evidence against him. [*See* ECF No. 462-2].  Hall also stated during a status conference that the motion to withdraw guilty plea could have been filed earlier, but Thomas "[w]ent back and forth, back and forth" regarding whether he wanted to pursue the motion.  [*See* ECF No. 454, PageID.2364-2365].

The nearly 18-month delay in filing the motion to withdraw (i.e., from June 1, 2020 until November 29, 2021) was unjustified.  The second factor weighs against Thomas.

### iii.    Third Factor: Whether Thomas Has Asserted or Maintained his Innocence

Thomas summarily states that he has repeatedly professed his innocence, and that his plea was coerced and made without sufficient knowledge.

While Thomas did state that he was not guilty of "a number of the charges [he] pled to" in his post-plea-hearing letter to Judge Tarnow, he also admitted in that same letter that he did not want to go to trial – implicitly acknowledging that the evidence against him was overwhelming. The weight of the evidence of guilt in this case undermines Thomas' credibility.  *United States v. Gasaway*, 437 Fed. Appx. 428, 434 (6th Cir. 2011) (finding that "the evidence of guilt . . . work[ed] against [defendant's] credibility").

More importantly, the record does not support Thomas' conclusory argument.  Notably, Thomas signed the Rule 11 plea agreement, which set forth the charges he was pleading guilty to; the elements of the offenses; the factual basis for the guilty plea; and the mandatory minimums and maximum sentences for each count.  In signing the agreement, Thomas attested to the fact that he fully understood the terms, was satisfied with his attorneys' advice and representation, had his questions answered and had a complete opportunity to confer with counsel.

10

During the plea hearing, the Court went over the plea agreement with Thomas at length, including: the elements of each charge; the mandatory minimum and maximum sentences he faced; Thomas' constitutional rights; and the factual basis for the guilty plea.  The Court asked and Thomas confirmed that he read the plea agreement, discussed it with his counsel, and voluntarily signed it.  Thomas stated that he was satisfied with the work of his attorneys, and that he did not have any questions regarding the plea agreement.  Thomas further confirmed that he had adequate time to "think about and digest" the sentence he could face if he pled guilty.

At one point, Thomas asked for clarification regarding the guideline sentence range and whether the Court could go under the guidelines; Judge Tarnow let Thomas know that he could not go under the mandatory minimums but could go under the maximum sentence of life.

Near the end of the hearing, the Court again asked Thomas if the decision to plead guilty was voluntarily and because he was guilty. Thomas confirmed that no one threatened or coerced him to plead guilty and that he was pleading guilty because he was, in fact, guilty.  At the very end of the hearing, the Court asked Thomas one last time whether, understanding all of the consequences, it was his choice to plead guilty.  Thomas responded,

"Yes, sir, my choice and my choice alone." The Court then accepted Thomas' guilty plea.

"'A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.'" *United States v. Owens*, 215 Fed. Appx. 498, 502 (6th Cir. 2007) (citation omitted). "[B]elated claims of innocence without more are simply insufficient to justify withdrawal of a guilty plea." *Gasaway*, 437 Fed. Appx. at 434.

The Court went over the elements of the charges and the factual basis for the guilty plea. Thomas confirmed that he committed the crimes and that he was guilty. Thomas also confirmed that the decision to sign the plea agreement and plead guilty was voluntary and knowing. Thomas is bound by his testimony. *See Owens*, 215 Fed. Appx. at 502.

This factor weighs against Thomas.

### iv. Fourth Factor: The Circumstances Underlying the Entry of the Guilty Plea

Thomas argues that he did not have effective assistance of counsel before he entered his guilty plea. Thomas says his plea counsel never discussed or reviewed the Rule 11 plea agreement with him, including the proposed guidelines in the agreement and the evidence supporting the charges and guidelines.

Additionally, Thomas contends that the plea taking process was flawed because the Court's discussion regarding his waiver of appellate rights and inability to withdraw his guilty plea were ambiguous and confusing.  Thomas says his simple "yes" in response to questions fails to establish that he understood that he could not withdraw his plea or appeal.

While Thomas' ineffective assistance of counsel claim would be more properly raised in a motion to vacate under 28 U.S.C. § 2255, *see United States v. Ford*, 15 Fed. Appx. 303, 310 (6th Cir. 2001), the Court considers it here and finds it unavailing.  Thomas presents insufficient evidence. He offers only conclusory statements that his counsel failed to review the plea agreement with him and coerced him to plead guilty.  However, Thomas' own statements demonstrate that he received effective representation. Indeed, Thomas stated during the plea hearing that: (1) he read the plea agreement, discussed it with his counsel, and voluntarily signed it; (2) he was satisfied with his attorneys' representation; (3) he did not have any questions regarding the plea agreement; and (4) it was "[his] choice alone" to plead guilty.

Thomas is bound by the statements he made at the plea hearing. *See Owens*, 215 Fed. Appx. at 502.  Thomas' conclusory statements to the contrary fail to establish he received ineffective assistance of counsel.  *See*

13

*id.* ("A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.").

Thomas' other argument – i.e., that the plea process was flawed because the Court's discussion regarding his waiver of appellate rights and inability to withdraw his guilty plea were ambiguous and confusing – also fails. The record undermines Thomas' argument that he was confused. The plea agreement contained this information, and Thomas confirmed that he read and understood the agreement's terms. Moreover, as Thomas acknowledges, the government clarified these issues during the hearing, and Thomas stated that he understood that he was waiving his right to appeal and that he could not withdraw his guilty plea. Thomas' acknowledgement during the hearing that he understood these issues is not meaningless, especially since Thomas' request for clarification regarding the sentencing guidelines demonstrates that he was willing to ask questions about things he did not understand.

In *Ellis*, the Sixth Circuit found the following circumstances surrounding the guilty plea to be significant in rejecting a defendant's motion to withdraw: (1) the district court properly advised the defendant of his constitutional rights at the plea hearing; (2) the defendant clearly

articulated that he was entering the guilty plea knowingly and voluntarily;
(3) the defendant indicated that he benefitted from the assistance of
competent counsel and affirmed that he was satisfied with his lawyer's
representation; and (4) the record demonstrated that the defendant
understood what he was doing and the constitutional rights he was waiving
when he entered the guilty plea.  *See Ellis*, 470 F.3d at 285.  As
summarized above, each of these circumstances is present here.

Accordingly, the "circumstances underlying the entry of the guilty
plea" weigh against Thomas.

### v.   Fifth Factor: Thomas' Nature and Background

Thomas says this factor favors him slightly because: (1) his education
is basic (i.e., he is a high school graduate with no college education); (2)
"[w]e have no information about the quality of the education, how well he
did, or if he had special need that were addressed, or not"; and (3) with him
being "[i]n his 60s . . ., it is difficult to gauge if he understood the gravity of
the proceedings or language being used."  This is speculative and lacks
merit.

Thomas is not uneducated, and there is no evidence that he has any
learning disability or condition related to age that impacted his ability to
understand the plea agreement or plea proceedings.  Thomas is clearly

15

thoughtful and intelligent based upon his responses during his plea hearing, his well-written letter to Judge Tarnow, his interest in business classes and expanding his knowledge of "culinary arts" (PSR ¶ 53), and his ability to coordinate a sophisticated drug distribution conspiracy across state lines.  Thomas reported that he has no history of documented mental or emotional problems, and although he has a history of substance abuse, he testified that he was not on any drugs during the plea hearing and that his medical concerns had all been addressed.

    This factor weighs against Thomas.

### vi.    Sixth Factor: The Degree to Which Thomas Has Had Prior Experience with the Criminal Justice System

The sixth factor also weigh against Thomas.

    Thomas says this factor favors him because, although he has a significant amount of prior experience with the state criminal justice system, he has no experience in federal court or with federal prosecutions.

    As the Sixth Circuit explained, "[t]his is a distinction without a difference. [Defendant] has pointed to no cases that distinguish between state-court and federal court experience. However, there are cases that stand for the opposite proposition—that there is no distinction between experience in state and federal courts."  *Gasaway*, 437 Fed. Appx. at 436 (collecting cases); *see also United States v. Lewis*, 800 Fed. Appx. 353,

359 (6th Cir. 2020) ("Although Lewis may not be an expert on the United States Sentencing Guidelines, he was nevertheless sufficiently familiar with the criminal justice system and the plea process such that this factor does not weigh in his favor.").

Thomas' experience with the criminal justice system weighs against allowing him to withdraw his guilty plea. *See id.*

### vii.  Seventh Factor: Potential Prejudice to the Government

Where, as here, the other factors weigh against allowing defendant to withdraw his guilty plea, this factor is immaterial. *See United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011) ("The government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.").

Because the first six factors weigh against him, Thomas fails to establish a "fair and just reason" to withdraw his plea. *See Ellis*, 470 F.3d at 281.

The Court denies Thomas' request to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

### B.   An Evidentiary Hearing is Unnecessary

Because Thomas' arguments are conclusory and unsupported, an evidentiary hearing is unnecessary.  *See Ford*, 15 Fed. Appx. at 310 ("'The courts need not conduct a hearing when the allegations contained in the motion to withdraw the plea are mere conclusions or are inherently unreliable.' . . . Ford's allegations are merely unsupported assertions. . . . An evidentiary hearing was therefore unnecessary to adjudicate his claims.").

## IV.   CONCLUSION

The Court **DENIES** Thomas' motion to withdraw guilty plea and for an evidentiary hearing [ECF No. 458].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 9, 2023